Bohn v Tekulsky (2025 NY Slip Op 02848)

Bohn v Tekulsky

2025 NY Slip Op 02848

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 655890/16|Appeal No. 3932|Case No. 2022-04250|

[*1]Theodore Bohn, Plaintiff-Appellant,
v
Helene Tekulsky as Executrix of the Estate of Eugene Matarese, Defendant-Respondent.

Ian F. Wallace, New York, for appellant.
Stagg Wabnik Law Group, Garden City (Brian A. Lacoff of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Gerald Lebovits, J.), entered September 1, 2022, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross-motion for summary judgment dismissing defendant's eighth affirmative defense of judicial estoppel, modified, on the law, to deny defendant's motion to dismiss and to reinstate the complaint, and otherwise affirmed, without costs.
Supreme Court incorrectly dismissed the complaint on the ground that judicial estoppel bars plaintiff from seeking attorneys' fees that were deemed uncollectible in a bankruptcy proceeding. Judicial estoppel applies where it is shown that a debtor omitted or concealed the existence of an asset and later brought suit to collect on that asset (see Madden v Corey, 251 AD2d 257, 258 [1st Dept 1998]). Here, the court made no such findings, and in fact assumed that plaintiff had not misled the bankruptcy trustee. Nor does the record establish that plaintiff obtained a benefit in the bankruptcy proceeding by taking one position in that proceeding and then assuming a contrary position in this action "simply because [his] interest changed" (Bank of N.Y. Mellon v Del Rio, 233 AD3d 529, 530 [1st Dept 2024] [internal quotation marks omitted]). We respectfully disagree with our dissenting colleague that the record establishes that plaintiff unequivocally adopted a conflicting legal position to obtain a bankruptcy discharge. It is the factual circumstances regarding the ability to recover the fees that may have changed here, not plaintiff's interests in doing so.
However, although the court assumed that plaintiff had been telling the truth in making the "currently deemed uncollectible" statement to the bankruptcy court, and plaintiff submitted some evidence supporting the veracity of his statement, there remain disputed issues of fact on this issue that support the court's denial of plaintiff's cross-motion for summary judgment dismissing defendant's judicial estoppel defense.
Having reinstated the claim for recovery of the attorneys' fees based on the finding that the judicial estoppel defense has not yet been established, there is no need to address plaintiff's alternative argument that any judicial estoppel defense should not include fees incurred after plaintiff filed his bankruptcy petition.
All concur except Pitt-Burke, J. who dissents in a
memorandum as follows:

Pitt-Burke, J. (dissenting)
 

Judicial estoppel applies where it is shown that a debtor omitted or concealed the existence of an asset and later commenced an action to collect on that asset (see Madden v Corey, 251 AD2d 257, 258 [1st Dept 1998]). Therefore, I believe Supreme Court correctly dismissed the complaint on the grounds that judicial estoppel bars plaintiff from seeking attorneys' fees in this action that were deemed uncollectible in a bankruptcy proceeding based on plaintiff's representations. Accordingly, I respectfully dissent.
I find that judicial [*2]estoppel was appropriately applied in light of plaintiff's position in the bankruptcy proceeding which is inconsistent with plaintiff's position herein. During the bankruptcy proceeding, plaintiff represented in his schedule of assets that the attorneys' fees he now seeks to recover were "currently deemed uncollectible." As in Madden, the trustee in the bankruptcy proceeding was "apparently convinced" that the fees were uncollectible based on plaintiff's representations and sought not to recover this asset for the benefit of the creditors (id.). Plaintiff succeeded in maintaining that position, and his debts were discharged in bankruptcy. Based on these facts, because he clearly and unequivocally adopted an affirmative and conflicting legal position to garner a bankruptcy discharge, plaintiff should be barred from assuming a contrary position here "simply because [his] interests have changed" and he now seeks to collect those same attorneys' fees (but see Bank of New York Mellon v Del Rio, 233 AD3d 529, 530 [1st Dept 2024][internal quotation marks omitted]).
Accordingly, I would affirm the order granting defendant's motion to dismiss and denying plaintiff's cross-motion for summary judgment dismissing defendant's eighth
affirmative defense of judicial estoppel.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025